O’NIELL, J.
This is an action for the dissolution and liquidation of a commercial partnership and a final settlement of its affairs. The plaintiff and defendant, who are brothers, were the only members of a commercial firm operating a sawmill in the name of the Ruston Milling Company, which ceased to be a going concern in or about the year 1907. The members divided the funds and other assets of the partnership, retaining as partnership property the idle sawmill and planing mill machinery and equipment. Thereafter the defendant bought in his own name a tract of standing timber near the sawmill, at the price of $2,000, for which he gave his four promissory notes of $500 each. The defendant sold the timber to a firm styled Scott & Robinson; and the Ruston Milling Company sold its sawmill and planing mill to Scott & Robinson. Robinson was succeeded by one Gandy; and the new firm, styled Scott & Gandy, proceeded to manufacture into lumber the timber bought from the defendant. They paid to the defendant, for the Ruston Milling Company, $200 on account of the purchase price of the sawmill machinery, and sold some of the planing machinery, for which they received in payment or part payment two promissory notes of $266 each, which were also turned over to the defendant in part payment of the debt due to the Ruston Milling Company. They also paid to the defendant $500 in part payment of the price of the timber they had bought from him, with which the defendant paid one of the notes due on the timber, leaving a balance of $1,500 to be paid. Thereafter Scott & Gandy failed in business. The Ruston Milling Company sued Scott & Gandy to collect the balance due for the machinery they had sold, obtained judgment, and seized and bought in the sawmill machinery for two-thirds of its appraised value ($660) in satisfaction or part satisfaction of the debt due by Scott & Gandy to the Ruston Milling Company. The defendant brought suit against Scott & Gandy for the balance due on the timber, obtained judgment, and seized and bid in the timber for $1,000, two-thirds of its appraised value, in part satisfaction of the debt due him. The plaintiff and defendant resumed their partnership relations; and, under the defendant’s management, began manufacturing into lumber the remaining timber that the defendant had recovered from Scott & Gandy. It appears that the defendant understood that the firm would assume the payment of the three notes of $500 each, which he owed for the timber. On the other hand, it appears that the plaintiff was under the impression that the firm would pay the defendant only the price at which the defendant had bid in the timber at the sheriff’s sale in the suit of Melvin Riser v.,Scott & Gandy. This misunderstanding as to the price at which the firm took over the defendant’s timber gave rise to the most serious contention in the final settlement of the partnership. The mill was operated by the defendant as managing partner of the reorganized firm about a year and a half.
In his answer to this suit for an accounting of the funds received by him as managing partner, the defendant filed a statement showing receipts and disbursements amounting to $16,731.11, and representing the plaintiff to be indebted to the firm in the sum of $163.08. The trial, involving only questions of fact and figures, resulted in a judgment fixing the indebtedness of the defendant to the plaintiff at $1,437.78. On motion of the defendant a new trial was granted, which resulted in a judgment fixing the defendant’s indebtedness to the plaintiff at $839.69. The defendant appealed, and the plaintiff has answered the appeal, praying that the judgment be amended by Increasing the amount to $5,115. In his brief, however, he only claims that the judgment should be *1093 increased to $2,004.48. The defendant contends that the amount of the judgment should be reduced to $82.38.
[1] The first item on the account complained of by the plaintiff represents the price paid for the timber taken over by the firm from the defendant, with interest, $1,-781.27. The district court reduced this credit on the defendant’s account to $1,000, the price bid by the defendant for the timber at the sheriff’s sale in the suit against Scott & Gandy. In this we think the court erred. In the absence of a mutual agreement as to the price at which the timber was taken over by the firm, the plaintiff is entitled to credit for its value; and the evidence discloses that it was worth all, if not more than, the defendant has taken credit for. The firm got more than 1,000,000 feet of timber from the land. The plaintiff testified that it was worth only $1 per thousand feet, and the district judge put that value on it. Other witnesses, however, fixed the value at from $2.50 to $3 per thousand feet. The price for which the defendant has taken credit made the timber cost the firm about $1.64 per thousand feet, which is less than the testimony warrants. Besides, it appears that the firm sold some hardwood and cypress off of the land, for which the firm received $380; hence the timber made into lumber cost the firm approximately only $1.40 per thousand feet. There is no good reason why the defendant should only have credit for the price at which he bid in the timber at the sheriff’s sale of the property of Scott & Gandy, because that price did not represent the cost of the timber to the defendant, and did not represent its true value. In respect to that item, the defendant’s account is correct.
An item of $660, paid by the defendant to a Mrs. Finley, in the list of disbursements on the defendant’s account, was properly rejected by the court. The defendant borrowed the amount personally, and claims that he used it for the benefit of the firm; but his accounts do not show that the firm received the proceeds of the loan. Another item of $50 for interest paid on this debt with the firm’s funds was also properly rejected.
The defendant failed to charge himself with the $200 collected from Scott & Gandy as a part of the price of the machinery sold by the firm; and his account must be corrected in that respect.
He took possession of 200,000 shingles, for which he owes a balance of $532.12. He has also failed to charge himself with the following collections of debts due to the firm: From the Foster-Tignor Company, $146.90; from Swartz Lumber Company, $250; from Ruston Manufacturing Company, $175.55; and from D. J. Hall, $139.
The defendant paid with the firm’s funds the costs of court and attorney’s fees incurred in his suit against Scott & Gandy, as well as the costs and attorney’s fees incurred in the suit of the partnership against Scott & Gandy. The total amount of costs and fees paid was $225.80. The costs and fees incurred in the plaintiff’s suit were not partnership debts. In the absence of an itemized account of the costs and fees in each suit, we will amend the account by charging to the defendant one-half of the total costs and fees paid, as demanded by the plaintiff.
The defendant has taken credit for an item of $30 paid for cutting timber for the firm. The record shows that the amount was paid with a check on the firm’s bank account; hence the defendant is not entitled to the credit.
An item of $64 which had been deposited with the old firm to secure it against loss on a bond signed for the depositor was returned by the defendant after the reorganization of the firm. It was properly paid with the firm’s funds.
*1095 The plaintiff complains of several credits amounting to $37,9.50, because the checks representing them were drawn, in some instances, to the order of the defendant, and, in other instances, to the order of the firm, for expenses; but we conclude from the evidence that the amounts were disbursed for firm debts and expenses, and that the account in that respect is correct.
The evidence shows that the plaintiff owes the firm, for collections of firm debts from Wilkes, Calcóte, and Skinner, $75.50; and that the plaintiff is entitled to credit for $190 for rent of a team of mules. The plaintiff also owes the defendant for house rent $180, for which the defendant retained funds due the plaintiff by the partnership. Although this is not strictly speaking a partnership debt, both parties agree that it shall be treated as such in this final settlement of their differences.
Recapitulating, therefore, the account rendered by the defendant must be recast by charging him with the following items, viz.;
Personal debt and interest paid to Mrs. Finley ....................................... $ 710 00
Amount collected ior machinery............ 200 00
Value of shingles received.................. 532 L2
Collection from Foster-Tignor Company... 146 90
Collection from Swartz Lumber Company.. 250 00
Collection from Ruston Mfg. Company..... 175 55
Collection from J. D. Hall.................. 139 00
Costs in suit against Scott & Gandy....... 112 90
Amount paid for cutting timber............ 30 00
Amount due firm.......................... $2,296 47
The plaintiff’s account with the firm must be'revised as follows, viz.:
To balance shown on account............... $ 163 08
To collections of firm debts................. 75 50
$ 238 58
By rent of mules............................. 190 00
Balance due firm......................... $ 48 58
Amount due by defendant to firm........... $2,296 47
Amount due by plaintiff to firm............ 48 58
Difference due by defendant to firm----$2,247 89
One-half due by defendant to plaintiff......$1,123 94
Rent due by plaintiff to defendant.......... 180 00
Net balance due by defendant to plaintiff $ 943 94
For the reasons assigned, the judgment appealed from is amended by increasing the amount to $943.94, and, as thus amended, it is affirmed at the cost of the appellant.